UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY M. LEWIS, | Civil Action No. 17-12798-BRM-LHG |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| OFFICER T. MILLS, et al., | |
| Defendants. | |

**THIS MATTER** is opened to the Court upon the filing of a complaint (ECF No. 1) by Plaintiff Timothy M. Lewis ("Plaintiff"), a state prisoner confined in the Middlesex County Adult Correction Center, alleging civil rights claims pursuant to 42 U.S.C. § 1983. Plaintiff has also submitted an application to proceed *in forma pauperis*. (ECF No. 1-1.) For the reasons set forth below, Plaintiff's request to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE** and his complaint is **ADMINISTRATIVELY TERMINATED** as Plaintiff has neither paid the appropriate filing fee nor filed a complete application to proceed *in forma pauperis* sufficient to enable him to proceed without prepayment of those fees.

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, stating the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement, which must be obtained from the appropriate official of each prison at which he was or is confined, for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).

The entire fee to be paid in advance of filing a civil complaint is $400, which includes a filing fee of $350 plus an administrative fee of $50. If *in forma pauperis* status is denied, a prisoner is required to pay the entire $400 before his complaint will be filed. If the prisoner is granted *in forma pauperis* status, however, he will not be responsible for the $50 administrative fee and will only be assessed a filing fee of $350, which must be paid as follows: in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In this action, Plaintiff seeks to proceed *in forma pauperis.* Although Plaintiff has provided the Court with an application to proceed *in forma pauperis* (ECF No. 1-1), Plaintiff has failed to provide a certified account statement for the most recent six month period as required by 28 U.S.C. § 1915(a)(2). Because Plaintiff has failed to meet the requirements of § 1915(a)(2),

**IT IS** on this 11th day of December 2017,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3rd Cir. 2011)

("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank form application to proceed *in forma pauperis*; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a six month inmate account statement which has been certified by the appropriate official at the facility in which Plaintiff is incarcerated, or (2) the $400 fee, including the $350 filing fee plus the $50 administrative fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application including a certified account statement or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**