# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TIMOTHY M. LEWIS, | : |
| Plaintiff, | : Case No. 3:17-cv-12798 (BRM) |
| v. | : **MEMORANDUM ORDER** |
| OFFICER T. MILLS, et al., | : |
| Defendants. | : |

**THIS MATTER** is before the Court on Defendants Gideon Thuo, CFG Health System LLC and Rommel Montilus's Motion for Summary Judgment. (ECF No. 70.)

**IT APPEARING THAT:**

1. On November 13, 2017, Plaintiff filed the initial Complaint in this matter. (Compl. (ECF No. 1).)

2. After reviewing the Complaint, the Court allowed Plaintiff's excessive force and failure to protect claims against Defendants Mills, Tapia, Banz, Rosa, Locorriere, and Ortiz to proceed. (ECF No. 5.)

3. On August 28, 2018, Plaintiff filed a Motion for Leave to File an Amended Complaint to add Defendants Gideon Thuo and CFG Health System LLC as parties. (ECF No. 38.)

4. On September 18, 2018, the Honorable Lois H. Goodman, U.S.M.J. granted Plaintiff's motion (ECF No. 39), and Plaintiff filed an amended complaint naming Gideon Thuo, CFG Health System LLC and Rommel Montilus ("Medical Defendants") as defendants (ECF No. 40).

5. The Medical Defendants filed an answer (ECF No. 64), and on November 29, 2018, they filed the instant Motion for Summary Judgment (ECF No. 70).

6. In their Motion, the Medical Defendants make only one argument: Plaintiff's claims against them are barred by the statute of limitations. More specifically, the Medical Defendants argue the original Complaint contained only allegations against Defendants Mills, Tapia, Banz, Rosa, Locorriere, and Ortiz stemming from an incident of excessive force on December 24, 2015 at the Middlesex County Adult Correctional Facility. (Defs. Br. (ECF No. 70-11) at 1.) According to them, the initial Complaint does not specifically allege medical malpractice and/or denial of medical care for a serious medical need; it does not name any of the Medical Defendants; and does not name any fictitious parties. (*Id.*) The Medical Defendants were not named until the Amended Complaint in September 2018. (*Id.*) Because the allegations against them arise out of the incident on December 24, 2015, the Medical Defendants argue the claims against them are barred by the two-year statute of limitations applicable to § 1983 claims. (*Id.* at 5-10.)

7. In opposition, Plaintiff argues the initial Complaint contained numerous fictitious parties in addition to the excessive force defendants specifically named. (Pl.'s Opp. Br. (ECF No. 77-1) at 22.) He contends that references to "medical unit" refers to CFG Health Systems, LLC and "doctors and nurses" refers to Defendants Thuo and Montillus. (*Id.*) He further argues the original Complaint specifically contains claims for medical malpractice and denial of medical care for a serious medical need. (*Id.*) Plaintiff cites generally to his initial Complaint in support of these arguments, but he does not point to any particular sections.

8. In light of his *pro se* status, and because it is relevant to the issue before the Court as to whether the claims against the Medical Defendants are barred by the statute of limitations, the Court will permit Plaintiff to supplement his briefing to specifically identify where, in his initial complaint, he raises medical malpractice and/or denial of medical care claims. He should also specifically identify where he raises claims against fictitious parties in his initial complaint. In his

supplemental brief, he should identify these sections as precisely as possible, including, at a minimum, the page number of the initial complaint where the claims and parties can be found. The Medical Defendants may file a response to Plaintiff's supplemental brief.

For the reasons set forth above and for good cause appearing,

**IT IS** on this 22nd day of July 2019,

**ORDERED** that within 45 days of the date of this Order, Plaintiff may file a supplemental brief addressing the issues identified herein; should Plaintiff fail to file a supplemental brief, the Court will adjudicate the Motion with the briefing already submitted; and it is further

**ORDERED** that within 30 days after Plaintiff files his supplemental brief, the Medical Defendants may submit a response; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** the Medical Defendants' Motion for Summary Judgment (ECF No. 70); upon completion of the supplemental briefing, the Court will re-instate the Motion; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff via regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**